IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY FORD,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07CR602 DAK |

   This matter is before the court on Defendant Ashley Ford's Motion to Dismiss Indictment. A hearing on the motion was held on May 19, 2008. At the hearing, Ms. Ford was represented by Edward R. Montgomery, and the United States was represented by Trina A. Higgins. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## FACTS

   During October and November 2006, the alleged victim in this case, Nathan Coccimiglio, was a resident of the Cornell Corrections facility in Salt Lake City, Utah. Cornell is a corrections facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General. Cornell is a "half-way house" in which inmates can

leave the facility during the day to work and then return in the evenings to sleep. As an inmate at the Cornell facility, Mr. Coccimiglio was permitted to and did in fact leave the facility during the days for the purposes of working or looking for work.

In or about October, 2006, Ms. Ford met Mr. Coccimiglio at a party. Thereafter, in or about October, 2006, Ms. Ford applied for employment at Cornell. Ms. Ford was hired as a staff monitor at Cornell on or about November 8, 2006. In her capacity as a staff monitor, Ms. Ford would have had custodial, supervisory or disciplinary authority over Mr. Coccimiglio. At some point after Ms. Ford was hired, she entered into an intimate relationship with Mr. Coccimiglio.

On at least two occasions, Ms. Ford and Mr. Coccimiglio had sexual relations. The incidents of sexual conduct, however, did not occur at the Cornell facility. According to interviews of both Ms. Ford and Mr. Coccimiglio, the couple engaged in sexual relations at Ms. Ford's apartment while Mr. Coccimiglio was on work release and Ms. Ford was off duty. As a result of her intimate relationship with Mr. Coccimiglio, Ms. Ford became pregnant.

## DISCUSSION

Ms. Ford contends that her conduct in this case does not constitute a criminal act for two reasons. First, she argues, the acts of intercourse did not occur *in* the Cornell facility, and second, Ms. Ford was not on duty and acting as a staff monitor when the acts transpired. Thus, Ms. Ford contends, she did not have custodial, supervisory, or disciplinary authority of Mr. Coccimiglio while they were engaging in intimate relations.

Ms. Ford is charged in this case with sexually abusing a ward in violation of 18

U.S.C. § 2243(b). Section 2243 is entitled "Sexual abuse of a minor or ward." In pertinent part, 18 U.S.C. § 2243(b) provides:

> Whosoever, . . . in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who is—
>
> > (1) in official detention; and
> >
> > (2) under the custodial, supervisory, or disciplinary authority of the person so engaging;
>
> or attempts to do so, shall be fined under this title, imprisoned not more than fifteen years, or both.

18 U.S.C. § 2243(b) (Supp. 2007).

In interpreting this statute, the court begins "by first examining its plain language." *United States v. Morgan*, 922 F.2d 1495, 1496 (10th Cir. 1991). If the statutory language is clear, [the] analysis ordinarily ends. *Id.*; *see also Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir. 1986) ('It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls.')."

The court agrees with Defendant that the plain and unambiguous language of the statute at issue in this case sets forth four separate and distinct elements that the Government must satisfy in order to obtain a conviction. The Government must show:

(1) that the defendant "knowingly engage[d] in a sexual act";

(2) that the sexual act occurred "in a . . . facility in which persons are held in custody";

3

> (3) that the person with whom the defendant engaged in the sexual act with was "in official detention"; and
>
> (4) that the defendant engaged in the sexual act while victim was, "[u]nder the custodial, supervisory, or disciplinary authority over the person so engaging."

*See* 18 U.S.C. § 2243(b) (Supp. 2007).

While there is evidence that Ms. Ford engaged in sexual relations with Mr. Coccimiglio and that he was in "official detention" at that time, there is no evidence that Ms. Ford's conduct occurred "in" the Cornell facility. The plain, clear, and unambiguous language of the statute clearly proscribes intimate contact that occurs "in" a corrections facility. Specifically, the statute states, "[w]hoever, . . . **in** a . . . facility in which persons are held in custody . . . knowingly engages in a sexual act with another person . . . ." 18 U.S.C. § 2243(b)(emphasis added). Because Ms. Ford did not engage in any sexual act "in" the Cornell facility, she cannot be found guilty of the crime.[1]

Moreover, in addition to considering the plain language of the statute, the court is not aware of any case in which an individual has been prosecuted under this statute when the sexual conduct did not take place *in* any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency prison, as that term is defined in § 2246(1). To the contrary, the Fifth

---

[1] Although it is undisputed that Ms. Ford was off duty during the events at issue, the court declines to base its ruling on Defendant's argument that Ms. Ford had no custodial, supervisory, or disciplinary authority over Mr. Coccimiglio at the time.

Circuit, in *United States v. Urrabazo*, necessary implied in dicta that the statute requires that the conduct must occur **in** a prison, as that term was then defined. 234 F.3d 904 (5th Cir. 2000), *cert. denied,* 532 U.S. 1046 (2001).[2]

Specifically, in *Urrabazo*, the defendant appealed his conviction, contending that a cell block in a federal courthouse was not a detention facility that qualified as a "prison" under 18 U.S.C. 2243(b), and therefore, the court did not have jurisdiction. *Id*. at 905-06. The defendant argued that to find otherwise would cause any facility or property on which a federal prisoner happened to be located to become a federal prison. *Id.* at 907. The Fifth Circuit disagreed with the defendant's argument, finding that the term "'detention facility" is not limitless–it includes only those facilities designed or intended to detain prisoners." *Id.* The court noted for example that "[a] federal courtroom does not become a federal detention facility simply because a prisoner is held in custody there during a trial or sentencing hearing. In contrast, the federal government intended the Marshals' Service cell block to detain prisoners in the San Antonio federal courthouse, albeit for short periods. As a consequence, the cell block is a detention facility that qualifies as a federal prison." *Id.* Therefore, the Fifth Circuit implicitly recognized that the statute applied only to conduct that occurred in a location that fell within the definition of a

---

[2] Urrabazo was convicted under 18 U.S.C. § 2244, but that section contains the same definition of "prison" as § 2243(b). In addition, prior to 2006, the statute read "in a Federal prison," which was defined as a correctional, detention, or penal facility. *See* 18 U.S.C.§ 2246(1). In 2006, Congress amended the language to state: " in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency . . . ."

"Federal prison."

In the instant case, the court cannot conclude that the sexual relations occurred "in a . . . facility in which persons are held in custody."  Thus, while the court recognizes that there are a variety of reasons to forbid a corrections officer from engaging in sexual conduct with someone in custody over whom that officer arguably has custodial, supervisory, or disciplinary authority, the plain language of section 2243(b) simply does not prohibit the conduct at issue in this case–conduct occurring in Ms. Ford's apartment.  If Congress intended to criminalize the type of conduct that occurred in this case, it need not have limited the language to conduct taking place *"in* a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency."

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant Ashley Ford's Motion to Dismiss Indictment [docket # 13] is GRANTED.

DATED this 13th day of June, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge